STATE of Missouri,
Plaintiff–Respondent,

v.

Timothy John CARROLL,
Defendant–Appellant.

No. 52808.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 26, 1988.

Application to Transfer Denied
March 15, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of two counts of first degree robbery and not guilty of a third count of first degree robbery. The trial court sentenced him as a prior offender to consecutive terms of life and twenty-five years in prison. He appeals; we affirm.

Because the sufficiency of the evidence is not challenged, we set forth only the facts pertinent to the issues raised. On December 3, 1985, at 7:50 p.m. defendant entered the Color Tile store at 4620 Hampton in St. Louis and inquired about flooring for some apartment units. The salesman showed him some samples and went up to the sales counter to use a calculator. The store manager was behind the counter, and only one customer was in the store. Defendant pulled out a small handgun and said, "Forget the tile. Give me the money." The salesman put the contents of the cash drawer on the counter. Defendant took only the bills, leaving checks and change, and fled.

Defendant was also charged with robbing the Kentucky Fried Chicken on south Kingshighway in St. Louis on December 24, 1985. That robbery occurred at about 3:00 p.m. when only one customer was in the restaurant. A man approached the counter, announced the robbery, and said he had a gun in his pocket. The employee present at the time testified the man had his hand in his pocket during the crime. Although the employee described the robber as a bearded man resembling defendant, she only tentatively picked him in a photograph of a four-man lineup. She testified she wasn't sure defendant was the robber when she viewed the photograph or at trial.

On January 7, 1986, defendant went into the Hellrung Carpet store at 6900 Chippewa in St. Louis at about 6:30 p.m. He spoke with the salesperson for approximately fifteen minutes about carpet for a clubhouse. When the salesperson turned and went to her desk, defendant told her he was robbing the store and that he had a gun in his pocket. She testified he had his hand in his pocket during the robbery. She

put the cash box on her desk, and he again took the currency and some adjacent rebate slips, leaving charge slips.

The Ferguson Police Department informed Detective Susan Dougherty of the St. Louis Police Department that defendant's name had come up in their investigation of other robberies but that he lived in St. Louis. Detective Dougherty checked defendant's name in the computer and found that he was "wanted" for leaving the scene of an accident, but that no arrest warrant had been obtained. On the afternoon of April 26, 1986, she and three officers from the Ferguson department went to defendant's home. There Detective Dougherty arrested him without a warrant for leaving the scene of an accident in St. Louis, and she told him the Ferguson police wanted to question him concerning some robberies.

Defendant was taken to the second district station in St. Louis. Detective Sergeant Ed Robertson of the Ferguson police informed defendant of his *Miranda* rights and asked him about a robbery in Ferguson. He denied having any knowledge of the crime. He was released into the custody of the Ferguson officers for questioning, and they took him to the Ferguson station.

The next morning Detective Dougherty and Officer Roy Robertson went to Ferguson to arrest defendant for robberies in St. Louis and to return him to St. Louis. Detective Dougherty said Detective Sergeant Robertson had informed her that defendant had admitted committing a number of robberies in St. Louis. On the return trip Detective Dougherty drove by Color Tile, Hellrung Carpet, and a Christopher Shoe Store that she suspected defendant had robbed. Apparently the officers did not speak to defendant, and he did not make any statements.

Upon arrival at the station Detective Dougherty again informed defendant of his *Miranda* rights, asking him if he understood them. He said he did. With no other officers present, Detective Dougherty questioned defendant for about forty-five minutes. She stated that he readily admit-

ted robbing the Christopher Shoe Store, Color Tile, Hellrung Carpet, and two Kentucky Fried Chicken restaurants, including the one on south Kingshighway. Defendant had been in police custody continuously from the arrest on the afternoon of April 26 until he made his admissions the morning of April 27.

Later the two Color Tile employees and the salesperson from Hellrung Carpet viewed a lineup and positively identified defendant as the robber. The employee of Kentucky Fried Chicken on South Kingshighway did not view the lineup.

The state initially charged defendant with six counts of first degree robbery, but, after the hearing on defendant's motions to suppress his statements and the identification testimony of the witnesses, three counts were dropped. Defendant was tried for the Color Tile, Hellrung Carpet, and Kentucky Fried Chicken robberies. The jury found him guilty of the first two robberies and not guilty of the last one.

In his first point on appeal, defendant contends the trial court erred in overruling his motions to suppress. He argues that both his statements and the identifications were fruit of the invalid arrest on April 26 for leaving the scene of an accident. He relies upon the "fruit of the poisonous tree" doctrine of *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).

■ Addressing the validity of the arrest, we note that the state had the burden to prove there was probable cause to support the warrantless arrest on April 26. *State v. Howell,* 524 S.W.2d 11, 16 (Mo. banc 1975). Detective Dougherty testified that she received defendant's name from the Ferguson police department in connection with their robbery investigation and that subsequently she discovered he was "wanted" for leaving the scene of an accident. The record, however, fails to show any *facts* known to the police at the time of the arrest to support a reasonable belief that defendant had committed a crime. *See Howell,* 524 S.W.2d at 16. Therefore, we must conclude the arrest on April 26 was unlawful.

■ Courts have refused to apply a "but for" test which might compel the exclusion of all statements following an illegal arrest. *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); *Wong Sun,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *State v. Olds,* 569 S.W.2d 745, 747 (Mo. banc 1978). Instead, the test of the admissibility of such statements requires not only that the statement be voluntary, but also that it be sufficiently an act of free will to purge the primary taint. *State v. Reynolds,* 619 S.W.2d 741, 746 (Mo. 1981).

■ Where a defendant makes the inculpatory statements while in the custody of the state, the state must prove the voluntariness of the statements by a preponderance of the evidence. *Olds,* 569 S.W.2d at 747. Voluntariness is determined on the facts of the individual case and no single fact is dispositive. *Reynolds,* 619 S.W.2d at 747.

■ Considering the factors examined in *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416, we find that the state established by a preponderance of the evidence that defendant's statements were made voluntarily. After the arrest on April 26, defendant was given the *Miranda* warnings. Detective Dougherty again informed defendant of his *Miranda* rights and ascertained his understanding of those rights prior to questioning him. She was the only officer present during the questioning when defendant made the statements. The questioning lasted only a short time. Detective Dougherty stated that defendant "was very cooperative." Defendant was a prior offender and, thus had been exposed to the criminal process. There was no evidence the officers pressured or forced defendant to make the statements.

We also find that defendant's statements were "sufficiently an act of free will to purge the primary taint." Defendant had been arrested on April 26, and he made the statements on April 27, well over twelve hours after his arrest. In the meantime he was advised of his rights twice, driven

to and from Ferguson, and properly arrested for robbery. Only Detective Dougherty questioned defendant, after he had already admitted committing the robberies to the Ferguson police. Defendant readily answered the detective's questions. The connection between the arrest and the statements had become sufficiently attenuated to dissipate the taint.

■ Defendant also claims that the identification testimony of the witnesses arising from the lineup was "fruit of the poisonous tree." He relies on *State v. Mayes*, 654 S.W.2d 926 (Mo.App.1983). *Mayes* is not controlling law in Missouri. Even though the arrest was unlawful, the witnesses' identification testimony arising from the lineup is not thereby rendered inadmissible. Defendant's presence at the lineup cannot be assailed as the fruit of an illegal arrest. *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 1253, 63 L.Ed.2d 537 (1980); *State v. Berry*, 609 S.W.2d 948, 952 n. 3 (Mo. banc 1980); *State v. Gregory*, 630 S.W.2d 607, 608 (Mo.App.1982); *State v. Taylor*, 630 S.W.2d 95, 96 (Mo.App.1981). Defendant's first point is denied.

He also assigns error to the trial court in overruling his motion for severance of offenses. Severance presupposes proper joinder and is addressed to the discretion of the trial court. *State v. Southern*, 724 S.W.2d 605, 607 n. 2 (Mo.App.1986). Defendant challenges both the joinder of the offenses and the court's refusal to sever them.

■ In determining whether defendant was tried on improperly joined charges, we consider only the evidence adduced by the state. Moreover, judicial economy favors the liberal joinder of offenses. *Southern*, 724 S.W.2d at 607–08.

Rule 23.05 governs joinder, and it provides:

All offenses that are of *the same or similar character* or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts. (Emphasis ours.)

Similar tactics or facts are sufficient to constitute acts of the "same or similar character" permitting joinder. *State v. Clark*, 729 S.W.2d 579, 582 (Mo.App.1987). In the present case all three counts charged defendant with first degree robbery. Each crime involved one man, with a full beard and mustache, entering a small retail business in the late afternoon or early evening when one or no customers was present. All three robberies took place in generally the same geographic area. Although the robber indicated he had a gun, no other violence or threats were used. In each robbery cash was taken, but not checks or charge slips.

Some dissimilarities exist between the three crimes, but under Rule 23.05 offenses of a "similar character" are sufficient; identical tactics are not required. *Clark*, 729 S.W.2d at 582. We believe the robberies in this case have sufficient similarities to permit joinder.

Under Rule 24.07(b) and (c) the party requesting severance must make a "particularized showing of substantial prejudice if the offense is not tried separately" and the trial court must find a "bias or discrimination against the party that requires a separate trial of the offense." Here the court found, contrary to defendant's contention, that the three counts, and the state's evidence to support them, were sufficiently distinct and could be segregated so that the jury would not become confused to the prejudice of defendant.

■ As noted above, the denial of a motion for severance will not be disturbed absent a clear showing of an abuse of discretion. *Clark*, 729 S.W.2d at 582. The three counts charged defendant with three distinct, albeit similar, robberies, involving different locations and different witnesses. Furthermore, the fact that the jury found defendant guilty on two counts and not guilty on the other count shows that the trial court correctly determined that defendant would suffer no prejudice from being tried on all three counts. The trial

court did not abuse its discretion in denying the motion for severance.

The trial court did not err in overruling defendant's motions to suppress or his motion for severance of offenses, and, therefore, the judgment is affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.