**STATE of Missouri, Respondent,**

v.

**David E. DICKENS, Appellant.**

No. 53470.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 2, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

In this jury tried case, defendant appeals his conviction of two counts of sale of a schedule I controlled substance, marijuana, in violation of § 195.020 RSMo 1986, and his sentence, as a persistent offender, to two concurrent seven year terms.

There are two allegations of error. First, that the trial court erred in refusing to submit defendant's instruction on entrapment since he properly injected that issue. We disagree, because there was no evidence of entrapment, and thus defendant was not entitled to such an instruction. Second, that the trial court erred in finding that § 558.019 RSMo 1986, applied to defendant. Since defendant was not sentenced under that section, we affirm.

On November 13, 1984, St. Louis County Police Officer Gary Hanrahan, working undercover, received a telephone call from Kevin Kelly. Kelly wanted to know if he was interested in purchasing half a pound of marijuana for $300.00. The officer and Kelly arranged to meet in a 7–11 parking lot. Kelly did not know Hanrahan was a police officer.

At the 7–11 lot, Kelly approached the officer's car and asked the officer if he wanted to meet his friend who had the marijuana. After saying yes, Kelly brought defendant to the officer's van, and they got into the van. Defendant handed the officer a cookie can; inside were eight clear plastic bags of marijuana. Defendant said it would cost $300.00, which the officer handed to defendant.

Defendant then asked the officer if he was interested in buying 20 pounds of marijuana for $450.00 a pound. The officer replied that he was, and defendant said he would have Kelly get back to him.

On November 28, 1984, the officer called Kelly about the 20 pounds of marijuana. Kelly said he and defendant were still working on obtaining it, but that they could offer him six ounces of marijuana for $200.00. A meeting in a Schnucks parking lot was arranged.

The officer and his partner went to the Schnucks parking lot. Kelly and defendant approached them, and defendant handed a bag containing marijuana to the officer. Defendant told the officer to pay Kelly $200.00, which the officer did. Defendant was then arrested by other officers.

Defendant testified that he had met Kelly in the workhouse and that Kelly had called him several times about somebody wanting to purchase marijuana. Defendant explained he finally gave in to Kelly, because he needed money to buy liquor.

Defendant said that he provided the marijuana for the transaction at the 7–11 store, but that Kelly handed the can of marijuana to the officer. Defendant confirmed that he agreed to try to get 20 pounds of marijuana for the officer, and that he also furnished six ounces of marijuana.

Defendant's first point is that the trial court erred in refusing to submit his instruction on entrapment since he had properly injected that issue.

Defendant has the initial burden of injecting the issue of entrapment. § 562.066.4 RSMo 1986. Defendant must show by substantial evidence both (1) the government's inducement to engage in the criminal conduct and (2) his own lack of willingness to engage in that conduct. *State v. Willis*, 662 S.W.2d 252, 255 (Mo. banc. 1983); *State v. Jackson*, 731 S.W.2d 348, 349 (Mo.App.E.D.1987). An instruction on entrapment must be given only when there is evidence of both governmental inducement and an absence of willingness to engage in unlawful conduct. *Willis, supra,* and Notes on Use 2 to MAI–CR 3d 310.28.

■ Here, there is no evidence that the government induced defendant to sell the marijuana. Kelly contacted defendant, but there is no evidence that Kelly worked for or with the police. Kelly was not working with Hanrahan and did not know Hanrahan was a police officer. Also, defendant testified that he did not know if Kelly was actually working with the police; further, he was aware that Kelly had been charged with the same crime. The evidence does not show unlawful governmental inducement.

In addition, there is no evidence showing that defendant was unwilling to engage in the sale. Defendant alleges he was induced to sell marijuana because of his drinking habit. However, his testimony indicates he acted on his own free will. He further stated that he sold the marijuana because he wanted to make money. Thus, there is no evidence that defendant was reluctant to engage in the transaction.

In sum, there was no evidence of either of the elements of entrapment. Defendant failed to meet his initial burden of injecting the issue into the case. Thus, the court committed no error in refusing to instruct on entrapment. Point denied.

Defendant's second point is that the trial court erred in finding that the provisions of § 558.019 RSMo 1986, applied, because the charges against him occurred before the effective date of § 558.019 and thus he was subjected to an ex post facto law.

At the outset, we note that defendant has failed to preserve the issue for review because his motion for new trial did not raise this allegation of error. Rule 29.-11(d). However, we review for plain error. Rule 30.20.

■ Section 558.019 requires certain convicted felons to serve specified percentages of a prison term. To invoke this section, "prior pleas of guilty and prior findings of guilty shall be pled and proven in the same manner as required by the provisions of section 558.021." Section 558.021 sets forth three requirements, the first being that "the indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a ... prior offender...."

One of the essential facts which must be pled is that the defendant is charged under § 558.019. See MACH–CR 2.30 [1987 Revision], especially Notes on Use 3. Here, the information in lieu of indictment does not mention § 558.019. Rather, it charges defendant as a prior and persistent offender, referring to §§ 558.016 and 557.036.4.

Since § 558.019 was not pled, defendant was not subject to this section. Defendant was properly charged and found to be a prior and persistent offender under §§ 558.016 and 557.036. The trial court erroneously entered a finding that defendant was a prior offender under § 558.019.4(1) because the defendant was not so charged. The judgment, however, does not reflect such a finding. To be sentenced under this statute, the judgment must reflect that finding. Section 558.019.-5. Since the judgment contains no reference to that section, it is not applicable to defendant, and therefore his point is denied.

The judgment is affirmed.

SIMON, P.J., and CRANDALL, J., concur.