**STATE of Missouri, Respondent,**

v.

**Kenneth GENTILE, Appellant.**

**Kenneth GENTILE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 53691, 56016.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Kenneth Gentile, was convicted, after a jury trial, of burglary in the first degree. He was sentenced to imprisonment for 30 years as a class X offender. Section 558.019, RSMo (1986). He then brought a Rule 29.15 action which was denied after an evidentiary hearing. His appeals from both judgments have been consolidated. We affirm and remand for resentencing.

We first consider defendant's direct appeal from his conviction for burglary in the first degree. The burglary victim found defendant reaching for a purse in victim's home and chased defendant out of the house and around the neighborhood before defendant escaped in a car. Victim and three of his neighbors who witnessed the chase were able to identify defendant in a photo array, in a lineup and then in court. Two police detectives visited defendant's home after the photo identification was made. Defendant's wife let them enter without a warrant after they identified themselves and told her that defendant was a burglary suspect. The detectives found defendant inside and arrested him. At trial, defendant asserted an alibi defense.

■ Defendant's first point claims the trial court erred in finding he was a class X offender. The burglary occurred on April 26, 1986, and Section 558.019 went into effect January 1, 1987. Section 558.019 cannot be applied to offenses occurring before January 1, 1987 without running afoul of the constitutional prohibition against ex post facto laws. *State v. Lawhorn,* 762 S.W.2d 820, 824–825 (Mo. banc 1988); *State*

*v. Hillis,* 748 S.W.2d 694, 697–698 (Mo.App. 1988). Defendant's first point is granted.

■ Defendant's second point claims, *inter alia,* that the trial court erred in overruling defendant's motion to suppress the identifications of the witnesses. Defendant argues the police entered defendant's home without the consent of defendant's wife and, therefore, the identifications should have been suppressed as the fruit of an unlawful arrest.

The Fourth and Fourteenth Amendments to the United States Constitution prohibit police from making a warrantless and non-consensual entry into a suspect's home in order to make a routine felony arrest. *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Defendant relies on *State v. Mayes,* 654 S.W.2d 926, 935 (Mo.App.1983) to argue that if an arrest violates *Payton,* then identification evidence is suppressible as fruit of the poisonous tree.

■ The trial court denied defendant's motion to suppress because it found as a matter of fact that the defendant's wife consented to the entry. There is substantial evidence in the record to support that finding. The trial court's finding on the issue of voluntary consent will not be disturbed on appeal if supported by substantial evidence, looking at the totality of circumstances. *State v. Johns,* 679 S.W.2d 253, 261 (Mo. banc 1984); *State v. Blair,* 638 S.W.2d 739, 748 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983). Moreover, the legal efficacy of *Mayes* was criticized in *State v. Carroll,* 745 S.W.2d 156 (Mo.App.1987). Generally, witnesses' identification testimony arising from a lineup cannot be challenged as fruit of an illegal arrest of defendant. *Carroll,* 745 S.W.2d at 159. Defendant's second point is denied.

■ Defendant's third point claims the trial court erred in sustaining the State's motion in limine to exclude evidence that (1) the evidence technician unit failed to recover any fingerprints from the scene or "get away" car and (2) the police did not have an arrest warrant for defendant. Defendant argues that the exclusion of this evidence substantially prejudiced his case because it foreclosed his opportunity to comment on adverse inferences that could be drawn from such evidence.

The case law is clear that the State is not required to account for the absence of fingerprint evidence. *State v. Schneider,* 736 S.W.2d 392, 402 (Mo. banc 1987), *cert. denied,* 484 U.S. 1047, 108 S.Ct. 786, 98 L.Ed.2d 871 (1988). As to the lack of an arrest warrant, defendant cites no authority for his argument nor does he state why the lack of an arrest warrant would have any evidentiary relevance for the jury. Defendant's third point is denied.

We have reviewed defendant's remaining points raised on direct appeal relating to (1) the overruling of his motion to suppress and objections to the purported suggestiveness of the photo array and lineup, the purported lack of an independent basis for the in-court identifications, and the prosecutor's questioning that purportedly repeatedly bolstered the identifications; (2) the overruling of his objections during voir dire; (3) the denial of his motions for judgment of acquittal, and (4) the exclusion of his medical records, and we find them patently without merit. No precedential purpose would be served by a written opinion on these points. They are therefore denied pursuant to Rule 30.25(b).

In regard to the Rule 29.15 appeal, we find the judgment of the trial court is based on findings of fact that are not clearly erroneous. No error of law appears. An extended opinion would have no precedential value. The judgment is therefore affirmed pursuant to Rule 84.16(b).

■ It is possible that following the re-sentencing of defendant, defendant could claim that his new sentence violates the Constitution of the United States or Missouri or a law of this state. To that extent only, there is no prohibition against defendant appealing his new sentence, or filing a Rule 29.15 motion limited to alleged violations occurring during resentencing.

The judgments, therefore, are affirmed; but since the provisions of Section 558.019

were not applicable to defendant, the cause is remanded to the trial court for resentencing. *See State v. Loggins*, 778 S.W.2d 783, 791 (Mo.App.1989).

PUDLOWSKI, P.J., and KAROHL, J., concur.