STATE of Missouri,
Plaintiff/Respondent,

v.

Kenneth GENTILE,
Defendant/Appellant.

No. 57857.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 23, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 5, 1990.

Application to Transfer Denied
Jan. 9, 1991.

Cheryl Rafert, Asst. Public Defender, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Judge.

Kenneth Gentile again appeals his sentence on a conviction of first degree burglary, § 569.160, RSMo 1986. His first appeal, decided in *State v. Gentile*, 781 S.W.2d 169 (Mo.App.1989) [*Gentile I*] sought to overturn the movant's sentence as a Class X offender to a thirty (30) year term of imprisonment. This court affirmed the judgment of conviction and the denial of the Rule 29.15 relief. However, we remanded the case for resentencing on the grounds that application of the Class X statute was *ex post facto* when applied to Gentile because the charged burglary occurred before the effective date of the statute. On remand, the trial court sentenced the movant to thirty (30) years as a prior and persistent offender. Section 558.016 RSMo 1986.

We need not repeat the factual setting available in *Gentile I* except to recall the date of the burglary, April 26, 1986.

The sole issue is whether the convictions for crimes committed before movant committed the present burglary were invalid for purposes of sentence enhancement in the instant case because movant "was not advised that he could be charged as a prior and persistent offender when he entered pleas of guilty on his former cases."

The decisive rule of law for disposition of this issue appears in *State v. Quinn*, 594 S.W.2d 599 (Mo. banc 1980). In *Quinn*, our Supreme Court stated "the majority rule, followed by Missouri, is that a person being prosecuted as a second offender may not raise questions of mere error in the former conviction" to prevent the use of a repeat offender sentencing provision. *Quinn*, 594 S.W.2d at 602. The sentencing provision at issue in *Quinn* was the Second Offender Act. Section 558.016, effective January 1, 1979, provides for enhanced punishment for persistent and dangerous offenders and replaced the Second Offend-

er Act. The rule in *Quinn*, however, applies with equal force to the current sentencing provision for persistent and dangerous offenders.

Thus, the trial court properly sentenced movant as a prior and persistent offender in accordance with § 558.016 RSMo 1986. Although this fully disposes of this appeal, we note the absence of a record of each prior conviction for the movant's pleas of guilty. Such a record may not confirm movant's factual claim that he was not warned about the possibility of enhanced punishment for future crimes based on the plea convictions. We have the record of a 1974 plea which is informative because the court in that proceeding noted defendant then had nine prior convictions.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.