Robert L. THOMAS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16930.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 1990.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

This is an appeal from the dismissal of a motion for post-conviction relief brought under Rule 24.035. Robert Lee Thomas (movant) was convicted of the offense of murder in the second degree, § 565.021.1,[1] and sentenced to imprisonment for a term of thirty years, §§ 565.021.2 and 558.011.-1(1). His Rule 24.035 motion is directed to that judgment and sentence.

The trial court in which movant's 24.035 motion was filed (the motion court) dismissed the motion without hearing, concluding that the motion, the files and records in the case conclusively showed that movant was not entitled to relief. This court affirms.

Movant presents two points on appeal. He asserts that the motion court erred in denying his 24.035 motion without an evidentiary hearing "because [movant's] amended motion implicitly requested an evidentiary hearing." For his second point on appeal, movant contends that the motion court erred in denying his 24.035 motion without an evidentiary hearing because movant pleaded factual allegations not refuted by the record.

Rule 24.035(g) requires that a request for a hearing "be made by motion on or before the date an amended motion is required to be filed." It further states, "If no request for hearing is timely filed or if the motion and the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held."

Rule 24.035(f) prescribes the time in which an amended motion may be filed. It states, "Any amended motion ... shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed." It also

---

1. References to statutes are to RSMo 1986.

permits the motion court to grant an additional thirty days in which to file an amended motion.[2]

Movant filed his 24.035 motion, pro se, September 26, 1988. Counsel was appointed October 17, 1988. The record on appeal shows no amended motion filed within the 30 days next following October 17, 1988, nor that additional time in which to file an amended motion was requested or granted.

A copy of the docket sheet that is part of the legal file shows a docket entry dated December 16, 1988, that states, "Amended Motion to Vacate Sentence filed by attorney Andrew C. Bullard." A copy of a pleading entitled "Amended Motion to Vacate Sentence" is also a part of the legal file. The copy of the pleading appears to have a "file stamp" on it; however, it is not readable. Regardless, the record on appeal does not show that any request for hearing was made as prescribed by Rule 24.035(g). The motion court found that movant filed no timely written request for hearing pursuant to Rule 24.035. That finding is not clearly erroneous. To receive a hearing, a request must be made in the manner prescribed by Rule 24.035(g). *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989). Movant's first point is denied.

By his second point on appeal, movant asserts that the trial court erred by not granting a hearing because factual allegations were made in his 24.035 motion that were "not refuted by the record." The factual allegations to which movant refers are allegations that movant was denied effective assistance of counsel because his attorney in the underlying criminal case "failed to contact witnesses, failed to investigate [movant's] claim of self defense and threatened [movant] with the death penalty if he refused to enter a guilty plea."

■■■ The determination of the first point on appeal resolves the issue of whether movant was entitled to a hearing. He was not. The remaining issue presented by movant's second point on appeal is whether movant received ineffective assistance of counsel in the underlying criminal case. In addressing that issue, the usual first step would be to determine which of movant's 24.035 motions, the pro se motion or the amended motion, was properly before the motion court and is, therefore, the one now before this court on appeal. Upon making that determination, the question that would follow is whether the ineffective assistance of counsel issues that movant now raises were included in that motion and were presented to the motion court. Issues not raised by post-conviction motion and not presented to the motion court for determination will not be considered on appeal. *Mallett v. State*, 716 S.W.2d 902, 905 (Mo.App.1986). All grounds asserted by an untimely filed amended motion are waived. *Rice v. State*, 779 S.W.2d 771 (Mo.App. 1989). The only grounds for relief that may be considered on appeal are those that were before the motion court.

■ A review, however, of both the pro se motion and the questionable amended motion discloses that both include complaints of ineffective assistance of counsel for failure to investigate a claim of self-defense and for constantly emphasizing that if movant chose to go to trial, "he would get the death penalty if he lost."[3] Under

2. The Missouri Supreme Court has held that the discretion of the trial court to extend the time for filing an amended motion for an additional 30 days must be exercised within the original 30 days in which an amended motion may be filed. *See Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990); Rules 24.035(f) and 29.15(f).

3. Although the record on appeal does not reveal that additional time beyond the 30 days permitted by Rule 24.035 for filing an amended motion was granted in this case, arguably, one might contend that the motion court's receiving, filing and thereafter acknowledging the amended motion that was filed on the 60th day follow-

ing appointment of counsel constituted the granting of an extension of time by the motion court "for one additional period not to exceed thirty days." That concept would violate the principle announced in *Clemmons v. State, supra,* at n. 2, if it applies in this case. The decision by the motion court was reached before the opinion in *Clemmons* was published. In view of the fact that the claim for relief raised in movant's second point on appeal was included in both the pro se motion and amended motion, it is unnecessary to dwell on the question of whether, in view of the principle announced in *Clemmons,* movant's amended pe-

either pleading, the issue of ineffective assistance of counsel was before the motion court, was ruled upon by that court, and is, therefore, properly before this court on appeal. By pleading guilty, however, movant waived all errors respecting ineffective assistance of counsel except those that affect the voluntariness or the understanding with which his plea of guilty was given. *Jenkins v. State*, 788 S.W.2d 536, 537 (Mo. App.1990).

■ The record of the guilty plea proceeding is before this court by means of a copy of the transcript of the guilty plea proceeding in the underlying criminal case. A copy of that transcript is included in the legal file that is part of the record on appeal in this case. A review of the transcript of the guilty plea proceeding discloses that movant's plea of guilty was entered voluntarily and understandingly with respect to the nature of the offense charged and its range of punishment. Movant's plea of guilty was unaffected by the issues that are presented by his complaints of ineffective assistance of his trial counsel. The motion court's determination of the ineffective assistance of counsel issues raised by movant's second point on appeal is not clearly erroneous. Further opinion with respect thereto would serve no precedential value. Movant's second point is denied.

The order of the motion court dismissing movant's 24.035 motion is affirmed in compliance with Rule 84.16(b).

FLANIGAN, C.J., and SHRUM, J., concur.

tition was timely filed. That question is not addressed by this opinion.