**Timothy CARROLL, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 58317.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1991.

Motion for Transfer to Supreme Court
Denied May 15, 1991.

Barbara Harris Pape, Columbia, for movant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of his Rule 27.26 (now repealed) motion for post conviction relief after an evidentiary hearing. Facts regarding movant's trial and direct appeal are found in *State v. Carroll*, 745 S.W.2d 156 (Mo.App.1987).

Movant presents two claims of error. First, movant alleges he was denied effective assistance of counsel because trial counsel failed to interview witnesses, prepare herself and movant for trial, make timely pretrial motions and preserve issues for appeal. The record on appeal refutes this claim. Further, the findings and conclusions of the trial court are not clearly erroneous. Rule 27.26(j). Point denied.

Second, movant alleges he was denied effective assistance of counsel because

counsel failed to include an issue on direct appeal regarding movant being sentenced under an ex post facto law. Movant alleges he was sentenced as a prior offender under § 558.019 RSMo 1986 which became effective January 1, 1987, for crimes he committed prior to January 1, 1987.

The trial court sentenced movant as a prior offender to life imprisonment on Count I, robbery first degree, and to a consecutive sentence of twenty-five years on Count II, robbery first degree. The amended information alleged authority to sentence movant as a prior offender under §§ 558.016 and 558.019 RSMo 1986. The court sentenced movant after finding movant was a prior offender but without referencing either section. We find movant was not sentenced as a class X offender under § 558.019.5 RSMo 1986 which became effective after movant committed the charged crimes in 1986. "To be sentenced under this statute, the judgment must reflect that finding." *State v. Dickens*, 755 S.W.2d 18, 20 (Mo.App.1988). The present sentence does no more than find movant was a prior offender. Thus, counsel is not ineffective for failing to raise a non-issue. Point denied.

During oral argument, movant argued insufficiency of the charge for failure to plead the correct sentencing provisions. Rule 23.01(b)4. This was not presented to the trial court by motion and not considered. Additionally, this argument was not contained in movant's brief as a point relied upon. We review the sufficiency of the information sua sponte because the issue may be a jurisdictional or plain error matter. Rule 30.20. *State v. Price*, 772 S.W.2d 9, 10 (Mo.App.1989).

"An indictment or information is not necessarily insufficient simply because statutory references are omitted or the wrong statutes cited." *State v. LaPlant*, 673 S.W.2d 782, 785 (Mo. banc 1984). We examine the defects in the information to determine "whether those defects were sufficient to deprive the trial court of jurisdiction and whether the trial of the case based on the defective information constituted plain error." *State v. Simpson*, 779 S.W.2d 274, 278 (Mo.App.1989). We find the information notified movant of the charged offenses so that he was able to prepare an adequate defense and would constitute a bar to another prosecution. *See Emmons v. State*, 621 S.W.2d 329, 330 (Mo.App.1981). No motion was filed to attack the sufficiency of the information. The sentence imposed was within the range authorized by § 557.036.4(2) RSMo 1986 and § 558.011(1) RSMo 1986. Therefore, the information was sufficient to vest jurisdiction in the trial court and the sentence does not constitute plain error.

The information gave notice of all facts justifying sentencing by the court rather than jury. Movant was not sentenced under an ex post facto law. He was sentenced under appropriate statutes within the punishment provided. Accordingly, we find movant was not prejudiced by the failure to plead the correct sentencing provisions. *See Emmons*, 621 S.W.2d at 330 (In the absence of any showing of prejudice, the omission of the statutory section number which contained punishment is not error where the information notified the defendant of the charged offense and would constitute a bar to another prosecution).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.