**Lonnie MYERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 17221, 17282.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 1991.

Marcie W. Bower, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The information in Case #CR486–19–FX, in the Circuit Court of Laclede County, charged movant, Lonnie Myers, as a persistent offender, § 577.023, with the class D felony of driving while intoxicated on January 7, 1986, in violation of § 577.010. Upon his plea of guilty, movant was sentenced to imprisonment for five years and placed on probation for five years.

The information in Case #CR486–558FX, in the Circuit Court of Laclede County, charged movant, Lonnie Myers, as a persistent offender, § 577.023, with the class D felony of driving while intoxicated on July 1, 1986, in violation of § 577.010. Upon his plea of guilty, he was sentenced to imprisonment for five years, to run consecutively to the five-year sentence in Case #CR486–19–FX. He was again placed on probation.

To establish movant's status as a persistent offender, each of those informations alleged that movant had been found guilty of driving while intoxicated in Dallas County on May 7, 1984, and had been found guilty of driving while intoxicated in Laclede County on October 26, 1984.

In separate hearings, pertaining to each of the foregoing cases, it was established that movant violated the conditions of his probation. In each of those hearings, it was determined the movant was required to serve the five-year sentences previously imposed. In the revocation hearing, in Case #CR486–558FX, the court also determined that the five-year sentence in that case would run consecutively to the five-year sentence in Case #CR486–19–FX. Movant attacked those sentences by mo-

tions under Rule 24.035, which were consolidated for hearing. After an evidentiary hearing, the motions were denied. The movant appeals.

By his motions, movant contends he is entitled to relief because of ineffective assistance of counsel. He bases that contention on the following allegations. Counsel failed to investigate each of the 1984 convictions and to learn that he was not represented by counsel in those convictions. Therefore, he alleges, they could not be used to enhance his punishment for driving while intoxicated in violation of § 577.010. Counsel erroneously told him that the best sentence he could hope for was imprisonment for five years. He pled guilty to those two charges because of that erroneous advice. He repeats those allegations in his point on appeal. He also adds that counsel advised him that his sentences would run concurrently and not consecutively. Appellate review of the trial court's determination is limited to deciding whether the findings and conclusions of the motion court were clearly erroneous. Rule 24.035(j).

■ The movant had the burden of proof to establish his basis for relief under that rule.

"On all points raised, movant has the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.035(h)." *Collins v. State*, 792 S.W.2d 887, 888 (Mo.App.1990).

Movant did not testify he was told his sentences would run concurrently. Perhaps he did not do so because the record clearly and emphatically refutes this contention. It has no merit.

In respect to movant's remaining allegations, the motion court made the following finding and conclusions.

"7. The only issue relied on by Movant at the hearing was that Movant was not represented by counsel in the prior Driving While Intoxicated proceedings in Dallas County and Laclede County in 1984 and, therefore, those convictions could not be used to enhance punishment.

*Conclusions of Law*

1. That no competent evidence was presented by Movant to show that he had not voluntarily, knowingly and freely waived his right to counsel in the Laclede County case in 1984 (CR484–659M).

2. Court finds Movant did, in fact, freely, voluntarily and knowingly, waive his right to attorney in Laclede County Case No. CR484–659M.

3. That no competent evidence was presented by Movant to show that he had not waived his right to attorney or even that he was not represented in the 1984 Dallas County case.

4. That the State properly used the prior 1984 Driving While Intoxicated convictions in Laclede County and Dallas County to charge Movant with a Class D Driving While Intoxicated."

■ This finding and conclusions of the motion court are not clearly erroneous. Indeed, they are correct and affirmed. Movant's first point has no merit.

Movant's second point is that the motion court

"plainly erred by failing to correct, *sua sponte*, the revocation court's error in declining to impose a concurrent sentence in case number CR486–558FX ... in that the revocation court had maximum discretion to impose a concurrent sentence and mistakenly assumed that it lacked discretion to do so."

This point is based upon a statement made by the revocation court, upon the revocation of his sentence in Case #CR486–558FX, that it had no power to change the previous determination that the sentences would run consecutively.

■ Movant contends that this statement by the revocation court is erroneous. It is not necessary to consider that issue. The issue was not presented to the motion court.

"Issues not raised by post-conviction motion and not presented to the motion court for determination will not be considered on appeal. *Mallett v. State*, 716 S.W.2d 902, 905 (Mo.App.1986). All

grounds asserted by an untimely filed amended motion are waived. *Rice v. State,* 779 S.W.2d 771 (Mo.App.1989). The only grounds for relief that may be considered on appeal are those that were before the motion court." *Thomas v. State,* 800 S.W.2d 477, 479 (Mo.App. 1990).

Movant's second point is denied and the judgment of the motion court is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.