**Kurtis A. LAWRENCE,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17744.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 26, 1992.

Motion for Rehearing or to Transfer
Denied June 5, 1992.

Janet M. Thompson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Kurtis Lawrence appeals from a denial, without evidentiary hearing, of his Rule 24.035 [1] motion, seeking to vacate a judgment and sentence on a plea of guilty to a charge of distribution of a controlled substance near a school, § 195.214 RSMo Supp.1989. Movant was sentenced to 10 years in the Department of Corrections.

To entitle movant to an evidentiary hearing on his Rule 24.035 motion, the motion must plead facts, not conclusions, which if true would warrant relief, the allegations of fact must not be refuted by the record, and the matters complained of must have resulted in prejudice to movant. *Recklein v. State*, 813 S.W.2d 67, 70[6] (Mo.App. 1991). Appellate review of the trial court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

■ Movant's first point is that he was entitled to an evidentiary hearing on his motion, and the trial court erred in ruling otherwise, because his motion "asserted that his conviction violated equal protection, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Missouri Constitution, since the statute (§ 195.214), as applied to [movant], was not rationally related to any legitimate state interest as his sale of marijuana occurred in a bar where children, the protected interest, could not legitimately be expected."

Movant's motion alleged that § 195.214 was unconstitutional on its face and was unconstitutional as applied to movant because it was violative of the equal protection clause of the Fourteenth Amendment to the U.S. Constitution for certain reasons. None of the reasons mentioned the fact, if it be a fact, that the marijuana sale occurred in a bar.

Movant's first point seeks to broaden his attack upon the statute and it may not be considered because issues not raised by a post-conviction motion and not presented to the motion court for determination will not

be considered on appeal. *Myers v. State*, 815 S.W.2d 472, 473[3] (Mo.App.1991); *Mallett v. State*, 716 S.W.2d 902, 905 (Mo.App. 1986). The only grounds for relief that may be considered on appeal are those that were before the motion court. *Myers v. State, supra*, 815 S.W.2d at 474; *Thomas v. State*, 800 S.W.2d 477, 479 (Mo.App. 1990). Movant's first point has not been preserved for review on this appeal.

■ Moreover, it has been held that a challenge to the constitutionality of Missouri's capital murder statute is not a cognizable claim under former Rule 27.26, which is the repealed predecessor of Rule 24.035. *Canterbury v. State*, 781 S.W.2d 107, 110[3] (Mo.App.1989). In *Eggers v. State*, 734 S.W.2d 300, 303[6] (Mo.App. 1987), a post-conviction proceeding, the court held that the constitutionality of a criminal statute, if preserved, is a matter for direct appeal. If movant's challenge to the constitutionality of § 195.214 had been timely received and preserved for review, this court would be without jurisdiction. *State v. Belcher*, 805 S.W.2d 245, 251 (Mo. App.1991). The supreme court has exclusive appellate jurisdiction in all cases involving the validity of a statute of this state. Mo. Const. art. V, § 3.

■ Movant's second point is that he was entitled to an evidentiary hearing on his motion, and the trial court erred in ruling otherwise, because "[movant] claimed that his guilty plea had been entered involuntarily through ineffective assistance of counsel, prosecutorial misconduct in filing a charge based on an impermissible and irrelevant consideration, and coercion and threats by the Dallas County sheriff, all of which were due to and affected by movant's having filed a civil lawsuit against Dallas County and its sheriff."

In his argument under this point, movant states that his motion alleged three grounds for challenging the voluntariness of his guilty plea. First, that he did not receive effective assistance of counsel "because she would not listen to his claims that he was told he would be offered seven

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

years on a Class C felony if he agreed to dismiss his lawsuit against Sheriff Cox and Dallas County and then advised movant not to take the deal"; second, that the prosecutor engaged in misconduct because he told movant's attorney that he would recommend seven years on a Class C felony if movant dismissed the lawsuit; and third, that movant was harassed and coerced into pleading guilty because of the officials' desire that he dismiss the lawsuit.

The transcript of the guilty plea hearing, which was before the court in the motion proceeding, shows that at the time the plea was entered the defendant underwent questioning by the prosecutor and the court. He also filled out and signed a guilty plea form which was received into evidence at the plea hearing. Under oath, movant testified that he had filled it out and signed it and that its contents were correct. His testimony repeated most of the contents of the form.

On that form, movant stated that he had not been threatened or intimidated in any manner to cause him to enter his plea of guilty, that he had not been mistreated, that he understood the plea bargain which included a recommendation by the state that he receive a sentence of 10 years, that he had discussed the facts surrounding the alleged offense with his attorney and did not desire additional time to discuss the matter with his attorney, that he was satisfied with his attorney's advice and was "completely satisfied in every respect in the manner in which my attorney has represented me." He also stated a factual basis for the plea. At the plea hearing, he stated he understood that the 10–year sentence he would receive was the minimum sentence for the charged offense.

The trial court found that the matters presented in movant's second point were refuted by the record of the plea hearing. The trial court found that movant's plea "was not induced by any threats or promises and was made voluntarily with a full understanding of the consequences thereof." The findings and conclusions of the trial court, with respect to the matters contained in movant's second point, are not clearly erroneous and, indeed, are fully supported by the record. Movant's second point has no merit.

The judgment is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.