**Robert E. ARCHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 20830.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 13, 1996.

---

9. *Lloyd*, 851 S.W.2d at 523.

Robert E. Archer, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On June 2, 1995, Robert E. Archer ("Appellant") pled guilty to driving while intoxicated. § 577.010, RSMo 1994. The offense occurred February 10, 1995. The information alleged Appellant had been convicted October 24, 1988, of driving while intoxicated in Lawrence County for an offense occurring May 20, 1988. The information further alleged Appellant had been convicted July 7, 1989, of driving while intoxicated in Greene County for an offense occurring May 11, 1988. Based on those two convictions, the information pled the offense of February 10, 1995, was a class D felony. § 577.023.1(2) and .3, RSMo 1994.

The plea court accepted Appellant's plea of guilty and, pursuant to a plea agreement, sentenced Appellant to four years' imprisonment, to run concurrently with sentences in six Lawrence County cases and an Audrain County case.[1]

After delivery to the Department of Corrections, Appellant filed a motion per Rule 24.035[2] to vacate the conviction and sentence. The motion court appointed counsel for Appellant; counsel filed an amended motion to vacate on Appellant's behalf. Following an evidentiary hearing, the motion court, in a judgment accompanied by detailed findings of fact and conclusions of law, denied relief.

Appellant brings this appeal from that judgment. His sole point relied on is:

"The motion court clearly erred in denying Appellant's Rule 24.035 motion claim because he received ineffective assistance of counsel in violation of his rights under the [United States and Missouri constitutions] in that plea counsel's failure to advise Appellant that he would be required by law to serve eighty per cent of the sentence agreed upon rendered Appellant's plea unknowing, and therefore involuntary."

1. Another element of the agreement was the prosecutor's dismissal of a charge of "driving while revoked."

2. Rule 24.035 was amended effective January 1, 1996. Paragraph "(m)" of the new version provides that if sentence is pronounced prior to January 1, 1996, post-conviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier. Consequently, the version of Rule 24.035 in Missouri Rules of Court (1995) governs this proceeding.

The argument following the point explains it is based on § 558.019.2, RSMo 1994, which reads, in pertinent part:

"... Other provisions of the law to the contrary notwithstanding, any defendant who has pleaded guilty to ... a felony ... and is committed to the department of corrections shall be required to serve the following minimum prison terms:

....

(3) If the defendant has three or more previous remands to the department of corrections for felonies unrelated to the present offense, the minimum prison term which the defendant must serve shall be eighty percent of his sentence...."

Apparently referring to the above statute, Appellant's pro se motion pled:

"At no time did my attorney inform me of the new sentencing law for D.O.C. Remands or that I would have to serve 80 percent of the 4 years in fact he told I would only have to serve a few months especialy [sic] if I got released on 120 shock."

The motion court's findings of fact included this:

"... Movant alleges in his pro se motion that he had an expectation of a lesser sentence because he was not aware of the 'remand law'. Presumably, Movant refers to Section 558.019 RSMo. There is no evidence that Movant ever inquired about how long he would really have to spend on the four (4) year sentence for which he bargained. Trial counsel did not advise him of his opinion of how long he would have to spend in the Department of Corrections.... It is clear that the Court did not give any opinions to the Movant on this subject, or offer him any advice on this subject."

In its conclusions of law, the motion court, citing *McCall v. State*, 771 S.W.2d 357 (Mo. App.E.D.1989), held: "Movant's disappointed hope of a term lesser than the four (4) years he bargained for does not render his guilty plea involuntary." The motion court pointed out that, like *McCall*, the transcript of Appellant's guilty plea demonstrated that no one "made any representation about how long he would have to serve on a four (4) year sentence."

Attacking the motion court's conclusion, Appellant declares:

"Application of recidivist offender sanctions under Section 558.019 is not a discretionary matter: the minimum terms of imprisonment are mandated and set out clearly in the statute. Trial counsel was aware, or should have been aware, that appellant had three or more remands to the Department of Corrections. Two priors were pled in the Information. On the day of the plea, the prosecutor referred to having 'probably five or six' certified convictions in front of him.

Appellant has shown that he was not advised by counsel of a material, direct consequence of entering his plea of guilty. Counsel was aware, or should have been aware, of appellant's numerous prior convictions, and failure to advise him of an extended term of incarceration which was mandated by statute was ineffective assistance of counsel."

Appellant's characterization of his sentence as "an extended term of incarceration" is misleading. Section 558.011.1(4), RSMo 1994, provides that imprisonment for a class D felony shall not exceed five years. Section 558.016.7(4), RSMo 1994, extends the authorized maximum term of imprisonment for a class D felony to ten years in certain circumstances. However, the information here did not invoke § 558.016 and, as we have seen, Appellant was sentenced to four years' imprisonment, which is within the standard range.

Accurately stated, Appellant's complaint is not that he received an extended term of imprisonment. Instead, his grievance is that because of § 558.019.2(3), he must serve at least eighty percent of the four-year sentence for which he bargained.

Appellant's remonstrance may be based on a faulty assumption.

The information does not purport to invoke § 558.019. In *State v. Dickens*, 755 S.W.2d 18 (Mo.App.E.D.1988), the accused maintained the trial court erred in finding that § 558.019, RSMo 1986, applied to him. *Id.*

Relying on subsection 5[3] of that statute, the Eastern District held that inasmuch as the information did not mention the statute, the accused was not subject to it, hence the trial court erred in finding the accused was a prior offender under subsection 4(1) of the statute. *Id.* at 19–20. Furthermore, said the Eastern District, the judgment did not recite the trial court's finding that the accused was subject to § 558.019. The opinion explained:

> "To be sentenced under this statute, the judgment must reflect that finding. Section 558.019.5. Since the judgment contains no reference to that section, it is not applicable to defendant[.]"

*Id.* at 20. *Accord: Carroll v. State,* 808 S.W.2d 935, 936 (Mo.App.E.D.1991).

In the instant case we espy no finding by the trial court that Appellant has (in the language of § 558.019.2(3), RSMo 1994) "three or more previous remands to the department of corrections for felonies unrelated to the present offense." Furthermore, the judgment in the instant case recites no such finding. It thus appears, superficially, that *Dickens* and *Carroll* exempt Appellant from § 558.019.2(3), RSMo 1994.

However, subsection 5 of § 558.019, RSMo 1986, upon which *Dickens* and *Carroll* relied, was not carried forward in the version of § 558.019 that appears in RSMo 1994—the version in force when Appellant committed the instant offense, pled guilty, and was sentenced. The 1994 version contains no provision comparable to subsection 5 of the 1986 version. Consequently, it might be argued that *Dickens* and *Carroll* do not shield Appellant from § 558.019.2(3), RSMo 1994.

However, in resolving this appeal we need not grapple with that issue (a question unad-dressed by the parties). We shall assume, without deciding, that Appellant is correct in telling us that § 558.019.2(3), RSMo 1994, requires him to serve eighty percent of his sentence.

■ Where a prisoner, after pleading guilty, seeks post-conviction relief on the ground that his plea resulted from ineffective assistance of counsel, the prisoner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hatchett v. State,* 909 S.W.2d 748, 750[5] (Mo.App.S.D.1995); *Gilliland v. State,* 882 S.W.2d 322, 325[4] (Mo.App.S.D.1994); *Engelmann v. State,* 864 S.W.2d 445, 446[5] (Mo.App.W.D.1993).

■ Neither Appellant's pro se motion to vacate nor the amended motion filed for him by counsel contains any averment that if the lawyer who represented Appellant in the plea court ("plea counsel") had advised Appellant he had to serve eighty percent of the bargained-for four-year sentence, Appellant would have spurned the plea agreement and gone to trial. Furthermore, Appellant's brief does not direct us to any evidence supporting that hypothesis.[4]

■ It was Appellant's burden to prove his claim for relief by a preponderance of the evidence. Rule 24.035(i); *Buckle v. State,* 885 S.W.2d 37, 38[2] (Mo.App.S.D.1994); *Myers v. State,* 815 S.W.2d 472, 473[1] (Mo. App.S.D.1991). Because Appellant presented no evidence that he would have declined the plea agreement and gone to trial had plea counsel told him he would have to serve eighty percent of the four-year sentence, Appellant failed to satisfy his burden of proof on

---

**3.** Subsection 5 of § 558.019, RSMo 1986, read:
"Prior pleas of guilty and prior findings of guilty shall be pled and proven in the same manner as required by the provisions of section 558.021. The final judgment and sentence of anyone found to be a prior offender, a persistent offender, or a class X offender shall reflect such finding."

**4.** The transcript of the evidentiary hearing in the motion court contains only testimony by plea counsel. The transcript reveals that testimony was taken from Appellant by deposition prior to the hearing. Rule 24.035(i). At the hearing, the deposition was marked as an exhibit and received in evidence by the motion court. However, Appellant did not file the deposition with us within the time required by Rule 81.16. When an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and unfavorable to the appellant. *In re Marriage of Gourley,* 811 S.W.2d 13, 16[3] n. 2 (Mo.App.S.D.1991).

that claim. Consequently, the motion court did not err in rejecting it.

Judgment affirmed.

MONTGOMERY, C.J., and PARRISH, J., concur.