**Alfred HOHENSTREET, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56042.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 20, 1990.

Henry B. Robertson, Deborah B. Wafer, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Alfred Hohenstreet, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On May 18, 1983, movant was charged by information with one count of capital murder in violation of § 565.001 RSMo 1978 (hereinafter, all references shall be to RSMo 1978 unless otherwise noted). On April 24, 1984, movant subsequently was charged with one count of escape from confinement in violation of § 575.210 and one count of armed criminal action in violation of § 571.015.

Pursuant to plea negotiations, the state amended its original charge of capital murder to murder in the first degree in violation of § 565.003. An amended information so stating was filed on April 27, 1984. In return, movant pled guilty to murder in the first degree, escape from confinement, and armed criminal action. On May 1, 1984, the trial court sentenced movant to life imprisonment on each count to be served concurrently.

On January 22, 1988, movant filed a *pro se* Rule 27.26 motion. We note that Rule 27.26 was repealed effective January 1, 1988. Thus, this motion properly falls under Rule 24.035 and will be treated as such. *See* Rule 24.035(*l*).

Counsel was appointed to represent movant. On April 19, 1988, appointed counsel moved for an extension of time to file an amended motion. The motion court granted this request, allowing appointed counsel an additional thirty days from April 19, 1988. The amended motion was filed on July 12, 1988; nearly two months out of time. *See* Rule 24.035(f). Thus, the amended motion was not properly before the motion court and will not be considered on appeal. Our review, therefore, shall be limited to those issues preserved in movant's original *pro se* motion. Both parties having agreed that no evidentiary hearing was required, the motion court dismissed movant's motion for postconviction relief.

Movant raises two points on appeal: (1) the motion court erred in dismissing movant's motion for postconviction relief because the amended information was defective, the trial court was without jurisdiction, and the convictions and sentence were nullities in that the amended information failed to include the words "without a premeditated intent to cause the death of," and thus failed to include an essential element of the offense of murder in the first degree as set forth in § 565.003; and (2) the motion court erred in dismissing movant's motion for postconviction relief because the amended information denied appellant his right to due process of law in that it charged a distinct and different offense from the original information, and

movant was neither provided nor expressly waived a preliminary hearing on the new charge. Before turning to these contentions, we initially note that appellate review of a motion court's ruling on a Rule 24.035 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Barker v. State*, 776 S.W.2d 451, 452 (Mo.App.1989). The findings and conclusions of the motion court will be deemed clearly erroneous only if, upon review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Barker*, 776 S.W.2d at 452.

■ Movant's second contention has not been preserved for appellate review because it was not included in his *pro se* motion. "An issue not raised in the post-conviction motion and not presented to the trial court for determination will not be reviewed by the appellate court." *Davis v. State*, 680 S.W.2d 324, 326[1, 2] (Mo.App. 1984) (quoting *Ardrey v. State*, 612 S.W.2d 859, 860 (Mo.App.1981)). Thus, we shall turn to movant's sole remaining contention alleging that the amended information was defective, the trial court was without jurisdiction, and the convictions and sentence were *nullities in that the amended information failed to include the words "without a premeditated intent to cause the death of,"* and thus failed to include an essential element of the offense of murder in the first degree as set forth in § 565.003.

Rule 23.01(b) requires, in pertinent part, that an indictment or information shall "[s]tate plainly, concisely, and definitely the essential facts constituting the offense charged." The purpose of an indictment or information is to apprise the accused of the charges against him. *State v. O'Connell*, 726 S.W.2d 742, 746[4–6] (Mo. banc 1987). "[A]ll informations which are substantially consistent with the forms of informations which have been approved by the Missouri Supreme Court shall be deemed to be adequate in its specificity and definiteness under Rule 23.02(b)." *State v. Fults*, 719 S.W.2d 46, 50[9, 10] (Mo.App.1986); Rule 23.01(e).

■ The Missouri Supreme Court approved charge in this instance is MACH–CR 16.06(b), which provides as follows:

The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 565.003, RSMo, committed the class A felony of murder in the first degree, punishable upon conviction under Section 565.008.2, RSMo, in that defendant unlawfully killed [name of victim] by (shooting) (stabbing) (cutting) (striking) ([concise statement of other means used to cause death or inflict mortal injury]) him (on) (on or about) [date] in the (City) (County) of _____, State of _____, thereby causing him to die (on) (on or about) [date] in the (City) (County) of _____, State of _____, and

Such killing was committed in the (perpetration of) (attempt to perpetrate) the felony of burglary (on) (on or about) [date], in violation of Section 569.170, RSMo, when defendant (knowingly entered unlawfully) (attempted to enter unlawfully) (knowingly remained unlawfully) (attempted to remain unlawfully) in a (building) ([name of an "inhabitable structure," such as "ship" or "trailer," within the meaning of Section 569.010(2) of the 1977 Criminal Code], an inhabitable structure), located at [location] for the purpose of committing [name of crime] therein.

The information charging movant with murder in the first degree states:

The Prosecuting Attorney of the County of St. Charles, State of Missouri, charges that the defendant, *ALFRED HENRY HOHENSTREET* in violation of Section(s) 565.003, 562.036 & 562.041 RSMo, committed the felony of murder in the first degree punishable upon conviction under Section 565.008.2 RSMo, in that defendant, acting in concert with another, unlawfully killed Thomas G. Weidemann by stabbing and cutting his stomach, chest and back on or about the 27th day of March, 1983 in the County of St. Charles, State of Missouri, thereby

causing him to die on or about the 28th day of March, 1983 in the County of St. Charles, State of Missouri, and such killing was committed in the perpetration of the felony of burglary on or about March 27, 1983 in violation of Section 569.170, RSMo, when defendant knowingly entered unlawfully in a building located at 2910 Hawning Road, St. Charles County, Missouri, for the purpose of committing stealing therein.

We have examined the above information and find it substantially consistent with MACH–CR 16.06(b). The information sufficiently apprised movant of the charge against him, and the omission of the phrase "without a premeditated intent to cause the death of" was not a fatal defect, did not divest the trial court of jurisdiction, and did not render movant's convictions and sentence nullities. The motion court's denial of movant's motion for postconviction relief was not clearly erroneous.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.