Richard Allen MARTIN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16855.

Missouri Court of Appeals, Southern District, Division One.

Aug. 22, 1990.

Marcie W. Bower, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following a plea of guilty on April 22, 1986, movant was found guilty of robbery in the second degree. He was placed on probation. On September 22, 1986, the court revoked movant's probation and assessed a sentence of seven years' imprisonment.

On December 11, 1987, movant filed a Rule 27.26 motion which was later amended through a supplemental motion filed by his appointed counsel. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and denied the motion. Movant appeals. As movant was convicted and sentenced, and his motion was pending prior to January 1, 1988, this proceeding continues to be governed by Rule 27.26. Rule 24.035(*l*).

Movant has one point. In it he contends that he pled guilty because he received ineffective assistance of counsel as his attorney failed to investigate or prepare a defense to the charge. He contends that he was prejudiced because he was induced to plead guilty involuntarily rather than proceed to trial with unprepared counsel.

█ After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Wesson v. State,* 768 S.W.2d 160, 162 (Mo.App. 1989). Appellate review in this matter is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j).

Movant was charged with three crimes, burglary, stealing and robbery. Initially the public defender's office, specifically attorney J. Kent Robinson, was appointed to represent him on those charges. Subsequently, he hired attorney John Clayton to represent him on the burglary and stealing charges, while the public defender's office remained as attorney on the robbery charge which resulted in the conviction here.

A plea agreement on the three charges was presented to a circuit judge, not the one who heard movant's motion. Attorney Clayton alone represented movant at that hearing. The judge rejected the agreement and proposed instead that if movant wished to plead guilty he would sentence movant to two concurrent five-year sentences on the burglary and stealing charges and suspend execution of those sentences and place movant on five years' supervised probation. On the charge of robbery the judge said he would suspend the imposition of sentence and place movant on five years' supervised probation.

█ Following this announcement attorney Clayton asked the court for a recess to discuss this matter with movant. During the recess the attorney advised movant not to plead guilty to the robbery charge. Movant acknowledged just before the plea was accepted that he entered a plea of guilty contrary to attorney Clayton's advice. Movant also testified at the motion hearing that he had not followed Clayton's advice.

Attorney Clayton testified that he was only involved in movant's representation on the robbery charge in order to dispose of all charges against him. He made arrangement with Robinson to enter his appearance as "co-counsel" on the robbery charge to expedite getting movant out of jail. Clayton testified that he had not investigated the robbery case or contacted any witnesses because his representation was only in connection with the guilty plea.

Movant only contends that Clayton had not investigated or otherwise prepared for trial. It was not established that Robinson had not done so, nor that at the time the guilty plea was entered there was insufficient time for him to have prepared for trial. Among the findings of the trial judge who heard the motion was that movant "elected freely and voluntarily to proceed with his guilty plea to the class B felony of robbery in the second degree in spite of the advice of attorney Clayton". That determination was not clearly erroneous.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.