STATE of Missouri,
Plaintiff–Respondent,

v.

Frank LAWSHEA,
Defendant–Appellant.

No. 57752.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1990.

Lew A. Kollias, Raymond Legg, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction of two counts of robbery in the first degree in violation of § 569.020 RSMo 1986. The trial court found the defendant to be a prior, persistent, and class X offender and sentenced him to 30 and 15 years imprisonment, to run consecutively. We affirm.

Defendant was found guilty of two robberies. The first was a December 28, 1988, robbery of a 7–11 store at the corner of Midland and North and South in Vinita Park. The clerk saw a Best Ways rental company van without license plates pull into the store parking lot. Defendant left the van and walked up to the counter where he told the clerk to take the money out of the cash register. He had his hand in his pocket, and told the clerk he had a gun. He also threatened to kill the clerk. The clerk relinquished the money. Later that evening, the police recovered a stolen Best Ways van without license plates. The van bore defendant's fingerprints.

On January 12, 1989, the defendant entered the same store. The clerk testified that she had seen him in the store on previous occasions. He told the second clerk to open the cash register and put the money in a bag, while he leaned over the counter with his hand inside his jacket. She said she felt that he was holding something, "like a fist in the jacket." She believed he had a gun. Defendant was later arrested and charged with the robberies.

Defendant does not challenge the sufficiency of the evidence as to the first degree robbery convictions. However, he asserts that the trial court erred in refusing to give instructions on the lesser included offense of robbery in the second degree. Both first and second degree robbery require the forcible stealing of property, but first degree robbery requires an additional element that the defendant causes serious physical injury, or is armed with a dangerous weapon, or uses or threatens the immediate use of a dangerous instrument, or displays or threatens the use of what appears to be a deadly weapon or dangerous instrument. Section

569.020, RSMo 1986. The court must give an instruction on a lesser included offense if requested by the defendant and if there is evidence to support both an acquittal of the greater offense and conviction of the lesser offense. *State v. Perkins,* 679 S.W.2d 410, 411 (Mo.App.1984). It appears to be settled law that if the defendant's evidence was that he was not at the scene and the evidence supports robbery in the first degree as here, failure to instruct down is not error. Here defendant testified that he had not been in the area during the period of these crimes. If the jurors believed the state's witnesses, then defendant was guilty of first degree robbery. If they believed defendant, he was not guilty. *See State v. Savage,* 621 S.W.2d 116, 119 (Mo.App.1981); *State v. Young* 597 S.W.2d 223, 225–226 (Mo.App.1980); and *State v. Moore,* 620 S.W.2d 56, 57–58 (Mo.App. 1981).

■ Defendant also asserts that it was error to admit evidence regarding recovery of a stolen Best Ways rental van bearing defendant's fingerprints. Defendant claims that expert testimony identifying the fingerprints as defendant's should have been excluded because the expert did not identify the procedure followed in matching the fingerprints, or testify that the procedure had general acceptance in the field of fingerprint examination. Defendant relies largely on *State v. Onken,* 660 S.W.2d 312 (Mo.App.1983), a case wherein the expert testimony involved the admissibility of a blood test, *not fingerprint evidence.* Our review of the record here finds no error in the admission, plain or otherwise.

■ Defendant also claims that the trial court erred in admitting Exhibit A, evidence of a prior Florida conviction, for both the purpose of impeachment and for use in sentencing. He claims that the record of conviction was not properly certified. Section 490.130, RSMo 1986, requires that the record of conviction include a certification by a judge stating that the clerk's attestation was in good form. A record of conviction from another state is not admissible without the required certification by the judge. *State v. Young,* 366 S.W.2d 386, 388 (Mo.1963). Exhibit A contained the endorsement of the court clerk, but not a certification of good form by a judge.

Defendant was alleged to be a prior, persistent, and class X offender.[1] The state attempted to prove the defendant's class X status by offering copies of three separate Florida felony convictions. The exhibits were offered and received into evidence out of the presence of the jury. No objection was made. The court found him to be a prior, persistent, and class X offender. Defendant testified in his defense. He admitted his conviction of two Florida felonies, but denied the conviction documented in Exhibit A. The state reoffered Exhibit A for impeachment purposes and no objection was made. Defendant did not object to the finding that he was a class X offender or to the admission of Exhibit A in his Motion For A New Trial. He asks us to consider these issues under the plain error rule and we decline to do so.

■ We have also examined defendant's other contentions of error on appeal and find them without merit. One of these was his attempt to raise an ineffective assistance of counsel claim on direct appeal. Rule 29.15 provides for an exclusive procedure to consider these claims and they may not be raised for the first time on direct appeal.

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.

---

**1.** Section 558.016.2, RSMo 1986 defines a "prior offender" as one who has pleaded guilty to or has been found guilty of one felony. Section 558.016.3, RSMo 1986 defines a "persistent offender" as one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times. Section 558.019.4(3), RSMo 1986 defines a "class X offender" as one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times.