STATE of Missouri,
Plaintiff/Respondent,

v.

Harold MONTGOMERY,
Defendant/Appellant.

No. 56319.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 10, 1991.

Application to Transfer Denied
June 11, 1991.

Patrick Brayer, Clayton, for defendant/appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction by a jury of robbery in the second degree, § 569.030, RSMo 1986, for which defendant was sentenced as a class X offender to serve 13 years imprisonment. We affirm.

On May 28, 1988, the state's primary witness Michelle Edgerson was working as a security officer in the "budget basement" section of Famous–Barr. As she was walking down an aisle she noticed defendant standing next to an empty clothes rack. As she grew near she saw that he was holding a white plastic bag stuffed full of shirts which still had Famous–Barr sales tags on them. Defendant spoke first saying: "Miss, I don't have anything that belongs to you." Ms. Edgerson identified herself as a security guard and asked defendant to come to the security office with her. He refused and began walking toward the exit. Ms. Edgerson placed herself in front of the door to keep defendant from leaving. Defendant pushed Ms. Edgerson out of his way and fled the store. Ms. Edgerson fell against the door and cut her finger. She followed defendant into the parking lot and noted the license plate of the car he used to escape.

In her initial description Ms. Edgerson claimed the suspected thief had a full beard with flecks of gray in it. On June 10, 1988, she identified an automobile as being the one she saw defendant using. On June 14, 1988, she was asked to view six photographs. Without hesitation she identified a photo of defendant as being the person she saw in Famous–Barr.

Detective Hager of the Jennings police testified that after receiving the license plate number of the suspicious vehicle he and his partner drove to the address at which the car was registered and spoke to its owner, Earl Alexander. At trial, the prosecuting attorney informed the court that he was unable to locate Mr. Alexander to testify and asked for either a continuance or leave to reopen his case when Mr. Alexander was available to testify. Defense counsel objected strenuously to both requests because the witnesses for the defense, defendant's mother and grandmother, had already lost one day of work to testify and because the defense strategy would be compromised by such testimony being presented after the defense had rested. The court withheld its decision.

The defense witnesses both testified that defendant did not have a beard during the time period of the crime because a recurring illness had forced him to shave it off. After these two witnesses testified the court decided to allow the testimony of Mr. Alexander, characterizing it as rebuttal testimony. Mr. Alexander testified that he had lent his car to defendant on the night of the crime. In addition, he testified that defendant had a "short" beard. Mr. Alexander was the last witness. The jury returned with a verdict of guilty of Robbery in the Second Degree. This appeal followed.

Defendant first claims that the trial court erred in allowing the state to call Earl Alexander as a rebuttal witness. Defendant asserts that Alexander's testimony "clearly exceeded the scope of proper rebuttal because it did not refute nor disprove any of the evidence offered by the [defendant]." First, we note that absent a showing of abuse of discretion we will not reverse because of the admission of rebuttal evidence. *State v. Sanford,* 734 S.W.2d 525, 527 (Mo.App.1987). Rebuttal testimo-

ny is defined as "any competent testimony that tends to explain, counteract, disprove or refute evidence offered by defendant." *State v. Ramsey*, 710 S.W.2d 459, 461 (Mo. App.1986). Mr. Alexander's testimony was a combination of rebuttal testimony and evidence that could have been used in the state's case-in-chief. He testified that defendant had a "short" beard on the night of the crime. This directly contradicted defense witnesses who had insisted defendant was clean shaven and was thus appropriate rebuttal testimony. Mr. Alexander's testimony placing defendant in possession of the car used in the crime both indirectly impeached defense witnesses who, by inference, testified that defendant could not have been the driver. It also strengthened the state's case-in-chief. Even if this witness could have testified in the state's case-in-chief, we find no error in his use as a rebuttal witness. *See State v. Fischer*, 774 S.W.2d 495, 497 (Mo.App.1989).

Defendant also asserts that the trial court erred in refusing to submit his proffered instruction on the lesser included offense of stealing property because he alleges that "there was not sufficient evidence of the amount of force used to support a conviction of robbery in the second degree." It is well settled that the trial court is required to give an instruction on a lesser included offense if requested by the defendant and if there are facts in evidence to show the lack of an essential element of the higher degree of the offense. Where, as here, there is strong and substantial proof of defendant's guilt of the offense charged and the evidence does not reveal a lack of an essential element of the more serious offense, an instruction on the lesser or included offense is not necessary. *State v. Hampton*, 648 S.W.2d 162, 164 (Mo.App. 1983). The evidence at trial was uncontroverted. Defendant pushed Ms. Edgerson out of his way in a manner violent enough to cause her to lose her balance and fall into a door. In his brief defendant seems to suggest that this action did not constitute enough force to justify the charge of robbery. Case law clearly refutes his assertion. See *State v. Applewhite*, 771 S.W.2d 865 (Mo.App.1989) and *State v. Harris*, 622 S.W.2d 742 (Mo.App.1981).

In addition, defendant's defense at trial was that of mistaken identification. "It appears to be settled law that if the defendant's evidence was that he was not at the scene and the evidence supports robbery ... as here, failure to instruct down is not error." *State v. Lawshea*, 798 S.W.2d 198, 200 (Mo.App.1990).

Defendant next claims error in the failure of the trial court to grant a mistrial after a defense witness inadvertently referred to defendant's prior jail time during cross-examination.

The prosecutor asked defendant's grandmother the following question: "Now during those two years, ... have you noticed or has [defendant] always lived there or have there been any gaps in his living there? In other words, was he there every day in the last couple of years?" The witness replied: "He been in jail, I could not tell you how long and how many times." Defense counsel objected and requested a mistrial. The trial court denied the motion but admonished the jury to disregard the remark. The declaration of a mistrial is a drastic remedy that should be used only in the most extraordinary of circumstances. *State v. Sidebottom*, 753 S.W.2d 915, 919 (Mo. banc 1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). Because the trial court is in a superior position to judge the prejudicial effect, if any, of a volunteered statement, we will defer to the trial court's judgment with respect to the action taken and will only consider whether such action was an abuse of discretion. *State v. Price*, 787 S.W.2d 296, 302 (Mo.App.1990).

We find no abuse of discretion. The remark complained of did not refer to any specific crime and the jury was immediately instructed to disregard. Under these circumstances the remedial action taken was adequate.

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.