Mitchell GRESHAM, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 16912.

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 7, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Susan K. Roach, Roussin and Roach,
Chesterfield, for movant-appellant.

William L. Webster, Atty. Gen., Barbara
J. Wood, Asst. Atty. Gen., Jefferson City,
for respondent-respondent.

PER CURIAM:

On July 19, 1983, movant plead guilty to murder in the second degree and he was sentenced to 48 years' imprisonment. On June 29, 1988, movant filed a motion to vacate the conviction and sentence under "Rule 27.26." Rule 27.26 was repealed effective January 1, 1988, and as movant's motion was filed after that date, Rule 24.-035 governs postconviction motions following a guilty plea. See Rule 24.035(1). We treat the motion as being filed under the latter rule. *Hohenstreet v. State,* 784 S.W.2d 868, 869 (Mo.App.1990).

Following an evidentiary hearing, the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals. Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j).

■ Movant had the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.035(h). A court reviewing a postconviction relief claim must give deference to the trial court's opportunity to judge the credibility of witnesses. *Benton v. State,* 779 S.W.2d 319, 321 (Mo.App.1989). The trial judge can disbelieve testimony even where uncontradicted. *Trimble v. State,* 588 S.W.2d 168, 170 (Mo.App.1979).

Movant was convicted of first degree murder and sentenced to life imprisonment, which conviction was reversed. *State v. Gresham,* 637 S.W.2d 20 (Mo. banc 1982). Thereafter, following the dismissal of the original charge and refiling, movant plead guilty to murder in the second degree.

■ Movant presents three points. The first point states that the judge who sentenced movant did so improperly because Rule 24.02(e) was violated as there was not a factual basis for the plea. The record does not support this contention. The remaining points contend that movant received ineffective assistance of counsel.

After a plea of guilty, the effectiveness of counsel is relevant only as it affects the voluntariness of the plea. *Martin v. State*, 793 S.W.2d 648, 649 (Mo.App. 1990). The trial court found no ineffective assistance of counsel or prejudice to movant by his attorney's actions. The record supports a finding that the plea was knowingly and voluntarily entered.

The trial court's judgment was based on findings of fact that were not clearly erroneous and an opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

All concur.