STATE of Missouri,
Plaintiff/Respondent,

v.

David Wayne ARNOLD,
Defendant/Appellant.

No. 62481.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 24, 1993.

On February 14, 1991, at about 4:15 p.m., Officer Kevin Sullivan of the Pevely Police Department was conducting surveillance of the Red Brick Motel of Crystal City from his car in a parking lot about 30 to 60 yards away from the motel. Officer Sullivan observed defendant, whom he had seen on prior occasions, enter a motel room. Sullivan notified Jefferson County Deputies Larry Michaels and Monte Isgrigg by radio that defendant had entered the motel room. Michaels, Isgrigg and police informant Tom Pruitt, drove to the motel and entered the same room. Pruitt introduced the deputies to a man named Randy, who introduced a second man, identified at trial as defendant. Randy asked Deputy Michaels for a payment and Michaels gave him $180. Randy counted the money and instructed defendant to hand over six small plastic packets of white powder to Michaels. Subsequent lab analysis revealed that the packets contained a total of .72 grams of methamphetamine.

At trial, Deputy Michaels testified that it was defendant who gave him the methamphetamine. He also testified that defendant had a mustache and a light beard growth and was wearing a light-colored coverall, baseball hat, and black shoes.

Defendant's only witness, informant Pruitt, testified that defendant was not in the motel room. He said the man who gave Michaels the methamphetamine was wearing long army-type green fatigues and had a "stringy" mustache and beard. On cross-examination, Pruitt admitted he had been subsequently discharged as an informant by the police. The State, over defense counsel's objection, called Deputy Isgrigg as a rebuttal witness. Isgrigg testified contrary to Pruitt that defendant was in the motel room and the court refused to admit any testimony by Isgrigg as to details that occurred in the room.

On appeal, defendant claims that the trial court erred in overruling his motion in limine, in which he sought to prevent the

M. Edward Williams, Mary J. Lake, Almond, Williams & Brady, P.C., Hillsboro, for defendant, appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

Before AHRENS, P.J., and REINHARD and CRIST, JJ.

PER CURIAM.

Defendant appeals his conviction by a jury of distribution and delivery of methamphetamine,[1] a controlled substance, § 195.211, RSMo Supp.1989, for which he was sentenced by the court as a prior offender to serve ten years' imprisonment. We affirm.

---

**1.** The sentencing transcript establishes that in accordance with the jury's verdict, defendant was sentenced for "distribution and delivery of a controlled substance." The written sentence and judgment, however, reflects defendant was sentenced for "distribution and delivery of cocaine." The word "cocaine" is ordered deleted and "a controlled substance" is ordered inserted in its place.

State from questioning defendant about a subsequent act of possessing methamphetamine.

■ Defendant must preserve his claim for review by objecting at trial, not by making the pre-trial motion alone. *State v. Baker*, 827 S.W.2d 777, 778 (Mo. App.1992). A ruling in limine is interlocutory only and subject to change during the course of trial. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992). We need not determine whether a specific question of the defendant would be permitted. Until the trial court is confronted directly with the issue, it is impossible to determine the precise question to be asked and the context in which it will be asked. Further, we find no manifest injustice here.

■ Defendant also asserts that the trial court erred in allowing the State to call Deputy Isgrigg as a rebuttal witness. Defendant contends that Isgrigg's testimony was "merely cumulative and did not speak to any new issue raised during [defendant's] case."

■ The admission and scope of rebuttal testimony is a matter within the sound discretion of the trial court. *State v. Sanford*, 734 S.W.2d 525, 527 (Mo.App.1987). Furthermore, rebuttal testimony is not necessarily inadmissible simply because it is cumulative of the State's evidence in chief or because it would have been better procedure to offer it as part of the State's evidence in chief instead of rebuttal. *State v. Crain*, 638 S.W.2d 761, 763 (Mo.App.1982). Testimony is proper for rebuttal if it "tends to explain, counteract, disprove or refute evidence offered by defendant." *State v. Montgomery*, 809 S.W.2d 47, 49 (Mo.App. 1991). Absent a showing of abuse of discretion, we will not reverse because rebuttal evidence was admitted. *Id.* at 48.

We find the court's opinion in *Montgomery* similar to the present case on this issue. In *Montgomery*, the State's main witness in its case-in-chief said that defendant wore a beard. Defense witnesses insisted defendant was clean shaven. *Id.* at 48–49. The State then offered rebuttal testimony that defendant had a "short" beard.

The court held that since the testimony directly contradicted defense witnesses it was appropriate for rebuttal. *Id.* at 49. The court also held that there would have been no error in admitting such testimony even if the witness had been available to testify during the State's case-in-chief. *Id.*

In the present case, defendant raised the issue of identity when questioning defense witness Pruitt about whether defendant was actually in the room. Deputy Isgrigg's testimony directly contradicted Pruitt's testimony and was proper for rebuttal.

The trial court did not abuse its discretion by admitting the rebuttal.

Judgment affirmed.