**Randall J. BUCKLE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19340.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 12, 1994.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant appeals from the denial of his motion for postconviction relief under Rule 24.035. Movant sought to vacate a conviction for rape under § 566.030.3, RSMo Supp.1990 (since amended, see RSMo Supp.1993). He was charged with having sexual intercourse with a female to whom he was not married and who was then less than 14 years old. He entered a plea of guilty to the charge and was sentenced to 30 years' imprisonment.

■ Following an evidentiary hearing on movant's motion, the trial court made findings of fact, conclusions of law and denied the motion. Movant presents one point relied on here. Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). Movant had the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.035(h). Deference is given to the trial court's opportunity to judge the credibility of witnesses. *Gresham v. State,* 813 S.W.2d 120 (Mo.App.1991). "The trial judge can disbelieve testimony even where uncontradicted." *Id.*

Movant contends in his point relied on that he was denied effective assistance of counsel in that his attorney "did not convey to him that the state's ten-year plea offer was contingent on their not requesting the victim and her child undergo blood tests" and that the attorney requested those blood tests, knowing the state would withdraw their plea offer. Movant states that he did not "claim to be innocent of the rape but only that he did not recall the incident" and he "would have no option but to enter an open plea if the blood tests proved he was the father of the child."

■ In his motion and in the proceedings before the trial court, movant's reference to the ten-year imprisonment offer was limited to the attorney not advising him of the offer. There was no issue regarding whether the offer was contingent upon blood tests. Therefore, we only consider whether the attorney did convey to him the ten-year offer. Postconviction claims not presented to the trial court cannot be raised on appeal. *Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc), cert. denied 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). *See also State v. Twenter,* 818 S.W.2d 628, 641 (Mo. banc 1991).

■ When there is a plea of guilty, effectiveness of counsel is relevant only as affecting the voluntariness of the plea. *Gresham,* 813 S.W.2d at 121. "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State,* 693 S.W.2d 903, 904 (Mo.App.1985). "To prove ineffective assistance of counsel, a post-conviction relief movant must show that counsel's performance fell below a reasonable level and that this deficiency prejudiced him." *State v. Hamilton,* 791 S.W.2d 789, 797 (Mo.App.1990).

■ Movant's counsel testified that he discussed the offer of ten-years' imprisonment with movant and movant rejected it. Thereafter, they discussed the "pros and cons of having the blood test done" and movant wanted the blood tests performed. Those tests on movant, the victim and her child indicated the probability that he was the child's father to be 99.93%.

"Generally, defense tactics are a matter of trial strategy and will not support a claim of ineffective assistance." *Hamilton,* 791 S.W.2d at 798. Obviously, defense counsel, and perhaps movant, would not know what the tests would show. They discussed them and movant wanted the tests performed. The record indicates that the complaining witness stated that movant was the only person she had sexual intercourse with and had the tests indicated he was not the father of child, then they would have been a valuable defense tool, possibly leading to acquittal.

That the results were unfavorable does not establish that counsel was ineffective. The record indicates that movant knew the results could be adverse and was willing to take that chance. Movant has not met his burden to establish ineffective assistance of counsel.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.