STATE of Missouri, Respondent,

v.

Duane EVANS, Appellant.

No. 62284.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1995.

Brad B. Baker, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

*ORDER*

PER CURIAM.

Defendant appeals the judgment upon his conviction by a jury of two counts of attempted stealing by deceit in violation of §§ 564.011 & 570.030 RSMo 1994, for which he was sentenced to two concurrent terms of three years imprisonment. In his sole point on appeal, Defendant asserts error in the

---

ment of error with respect to that ruling and the appeal is therefore deemed abandoned.

**638**

admission of testimony by two witnesses as to the amount of money involved in the scheme. Defendant claims that such testimony was hearsay and was the only evidence that the amount involved was more than $150.00, a necessary element to raise the offenses to class D felonies.

We have reviewed the record and find that Defendant failed to object to the subject testimony at the time it was offered at trial. Although Defendant did file a pretrial motion in limine seeking to exclude this evidence, the court's ruling on that motion was interlocutory only and subject to change during the course of the trial. *State v. Arnold*, 859 S.W.2d 280, 282 (Mo.App.1993). An objection must be made when the evidence is offered at trial to preserve the issue for appellate review. *State v. Dee*, 752 S.W.2d 942, 947 (Mo.App.1988).[1] Further, where no objection is made, the admission of hearsay evidence is not plain error. *State v. Lewis*, 809 S.W.2d 878, 879 (Mo.App.1991). In view of our determination that Defendant failed to object when the subject testimony was offered, we need not reach the State's alternative contention that the statements were admissible under the co-conspirator exception to the hearsay rule.

Judgment affirmed.

---

1. Likewise, absent an objection at the time the testimony is offered, an attempt to renew the pretrial objection after both sides have rested, as Defendant did here, preserves nothing for review.