**Kenneth BUNDY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 21597.

Missouri Court of Appeals,
Southern District,
Division One.

March 18, 1998.

---

David Simpson, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cristi A. Ingalsbe, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant appeals from the denial of his motion for postconviction relief under Rule 24.035. Movant sought to vacate a conviction for robbery in the first degree under Section 569.020, RSMo, kidnapping under Section 565.110, RSMo, murder in the first degree under Section 565.020, RSMo, and armed criminal action under Section 571.015, RSMo.[1]

Movant entered pleas of guilty to the charges. At that time he admitted to using force to steal a pickup truck from James Brown, to kidnapping him, and subsequently shooting and killing him. The court accepted the guilty pleas and sentenced Movant to life without parole plus fifteen years. If the case had gone to trial, the prosecutor intended to seek imposition of the death penalty.

Following an evidentiary hearing, the trial court made findings of fact and conclusions of law, and denied the motion. Movant presents one point relied on, alleging ineffective assistance of counsel. Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k). A judgment is clearly erroneous when this Court, after a review of the record, is left with the definite and firm impression that a mistake has been made. *Sidebottom v. State*, 781 S.W.2d 791, 795 (Mo.banc 1989).

Movant had the burden of proving grounds for relief by a preponderance of the evidence. Rule 24.035(i). "Deference is given to the trial court's opportunity to judge

---

1. All references to statutes are to those contained in RSMo 1994.

the credibility of witnesses. [citing case] The trial judge can disbelieve testimony even where uncontradicted." *Buckle v. State*, 885 S.W.2d 37, 38 (Mo.App.1994). Additionally, there is a strong presumption of competency of counsel, which movant bears a heavy burden to overcome. *Risalvato v. State*, 856 S.W.2d 370, 373 (Mo.App.1993).

■ When there is a plea of guilty, effectiveness of counsel is relevant only as affecting the voluntariness of the plea. "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Buckle*, 885 S.W.2d at 38. All errors are waived by a guilty plea except those that are relevant to the voluntary nature of the plea. *Walker v. State*, 698 S.W.2d 871, 874 (Mo.App.1985). Movant must establish that counsel's serious dereliction of duty materially affected his substantive rights "and further show that his guilty plea was not an intelligent or knowing act." *Risalvato*, 856 S.W.2d at 374.

Movant contends in his point relied on that he was denied effective assistance of counsel in that his attorney told him that he would get better medical treatment in the state penitentiary, that she would deposit money in his prison account and supply him with cigarettes, that he could remain in the county jail for approximately six weeks after sentencing, and that she would subpoena Movant's sick mother to testify at his trial. Movant states that he would not have pled guilty if counsel had not made such "promises and threats."

■ Movant's counsel in the criminal proceedings testified that she "thought that if he got to the Department of Corrections, that he would get better medical treatment there than he would get here in Waynesville." She said she told him that if he was "really concerned about that [medical care] and you're going to plead, do it sooner than later." Whether she may have been correct is not reflected in the record, but, nevertheless the record is clear from her testimony that it

was only an expression of her opinion and not a definite assurance.

There was likewise no definite assurance that Movant would not be taken to prison in less than six weeks, but only that the judge might allow him to stay there for a while. Counsel testified that she told him that she "thought" that the judge would let him stay until Christmas. Her thoughts about medical care and about how long Movant would be in jail were so indefinite that the trial judge could conclude that Movant did not rely on them in deciding to enter the pleas.

■ Counsel testified that she did tell Movant that if it came to the penalty phase of the murder charge "if it meant subpoenaing her [Movant's mother] and if it meant that I needed to get her out of bed to get her down here, I would do what it took to save his life." Such an attitude could hardly be deemed as reflecting an ineffective attitude on the part of counsel, and it is likewise difficult to believe that a mother might not want to testify to save the life of her child. Movant's mother died nineteen days after he entered the pleas. Whether her death might have been hastened or whether she would have been able to testify if subpoenaed was not established. The trial court was justified in finding that this was not a relevant factor in Movant entering the pleas.

■ Movant's counsel testified that in the past she had put money in incarcerated client's accounts at the penitentiary, and that she would do so for him, apparently so that he would have cigarettes. In his testimony, Movant acknowledged that cigarettes were not so important to him that he would have pled guilty to have cigarettes for life. The trial court was justified in determining that this was not a factor that was so important so as to effect the voluntariness of the pleas.

■ The trial court, in its findings of fact and conclusions of law, made a specific finding that the Movant's claims regarding his lawyer enticing him into entering a plea of guilty were refuted by the record. The motion court noted that Movant understood the proceedings, stated that his attorneys had represented him to his satisfaction, and that by accepting his plea bargain, the prosecutor

was waiving the death penalty. When Movant was specifically asked by the sentencing judge if he had been threatened or coerced into pleading guilty, Movant denied such, and specifically stated in the guilty plea petition form that neither he nor any of his friends or loved ones had been mistreated or made any promises to induce Movant to pleading guilty. The judgment was based on findings of fact that are not clearly erroneous.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.