STATE of Missouri, Respondent,

v.

Leon SMITH, Appellant.

Leon Smith, Appellant,

v.

State of Missouri, Respondent.

Nos. 69072, 74191.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 23, 1999.

---

Jennifer S. Walsh, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael P. Barry, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant, Leon Smith, was charged, jury tried, convicted and sentenced as a prior and persistent offender on two counts charging robbery first degree. The motion court denied his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We consolidated his direct appeal and appeal of the denial of post-conviction relief.

The state offered direct evidence which supported the jury verdicts. The sufficiency of the evidence is not in dispute. On October 17, 1994, H.B. and her daughter, S.M., were walking down Vera towards Page in the City of St. Louis. It was dark. A black male wearing black tennis shoes, black pants, a white shirt and a white ball cap approached them from behind. He grabbed H.B. and pointed what appeared to be a gun at her side. He also pointed the gun at her chest and told her to surrender her purse or he would shoot her. He told S.M., who was standing a short distance away, to give him her purse or he would shoot H.B. He then ran with the purses. S.M. and H.B. reported the event to the police and described the robber. H.B. also told a friend, identified throughout the trial as Mike, about the robbery and described the robber.

Three days later Mike called H.B. and informed her that he had seen the person who robbed her and her daughter and knew who he was. H.B., her friend, Cliff Hattan, and Mike went in search of the robber. They spotted Defendant. They alerted a police officer who then went to the home where Defendant was seen. H.B. identified Defendant as the robber. He was found to be a black male with the same build and complexion earlier reported and approximately the same age and weight. The original police report was given to Officer Joyner who recorded a height of six feet three inches. The Defendant's height was five feet eleven inches.

H.B. and S.M. separately identified Defendant during a police line-up. They repeated their identification, without objection,

during the trial. Both had ample time to view Defendant during the robbery. H.B. looked at him in the face and stared at him. She was able to clearly see his face during the robbery. The identifications at the line-up were made three days after the robbery. Defendant has not challenged any line-up procedures on the basis of suggestiveness or unfairness. Rather, he contends Mike's statements regarding identification of Defendant were subject to a hearsay objection. Therefore, he argues that the trial court committed plain error by permitting the victims' identification testimony, which was tainted by statements made by Mike. He also argues, in the alternative, that trial counsel was ineffective for failing to object to the identification testimony because of circumstances surrounding the out-of-court identification. He contends Mike's statements to H.B. were inherently suggestive and conducive to mistaken identification, thereby tainting the in-court identifications.

■ We reject Defendant's first two points on appeal. In the first, he argues plain error by the trial court. In the second, he argues, in the alternative, ineffective assistance of counsel in not objecting to the identification testimony based upon the grounds alleged in the pre-trial motion to suppress. The foundation for both claims of error is the allegation that the statements made by Mike to H.B. regarding identification were suggestive and, therefore, tainted the in-court identification testimony. These contentions fail because they are not supported by the facts or the law.

The identification testimony of both victims was based upon witnesses who had a sufficient opportunity to view the Defendant, who were clearly able to see the Defendant's face, and who were especially attentive by staring at Defendant over a period of approximately one minute and thirty seconds. The victims gave the police a detailed and accurate description of Defendant. The victims separately identified Defendant at a line-up under police procedures, which are not contested by Defendant. The victims' testimony was based upon a high degree of certainty. The identifications were made shortly after the robberies. Moreover, Mike did not talk with S.M. and could not have influenced her to make a false identification. On these facts, the identification testimony of the two victims was therefore reliable.

Accordingly, point one, based upon a claim of plain error, fails. Defendant is entitled to relief only if he can prove impermissible suggestiveness and a substantial likelihood of irreparable misidentification. *State v. Vinson*, 800 S.W.2d 444, 446 (Mo. banc 1990); *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977). The facts support a contrary conclusion. As a matter of law, the admission of the identification testimony was not a matter of plain error. *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991).

■ Defendant's related argument that trial counsel was ineffective for failing to object to the identification testimony fails for the same reasons. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998), *cert. denied* — U.S. ——, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999); *State v. Clemons*, 946 S.W.2d 206, 227 (Mo. banc 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 416, 139 L.Ed.2d 318 (1997). Counsel is not ineffective for failing to make a nonmeritorious objection. Testimony regarding Counsel's failure to object was not inadmissible hearsay because it was used to explain subsequent conduct.

Trial counsel did not object to testimony of the victims referring to statements made by Mike which led to locating Defendant. In light of the positive and reliable eye witness identification testimony of the two victims, an allegation of prejudice based upon any conduct by Mike would be a matter of speculation. Accordingly, the record will not support the required finding of prejudice. *State v. Kinder*, 942 S.W.2d 313, 335 (Mo. banc 1996), *cert. denied*, — U.S. ——, 118 S.Ct. 149, 139 L.Ed.2d 95 (1997). Point two denied.

■ Defendant's third and fourth points are related. In point three, Defendant argues the trial court committed plain error by allowing both victims and the arresting officer to testify regarding statements by Mike relating to identification of the robber. He contends that the statements were hearsay

because Mike was not a witness and that the statements were offered to prove the truth of the identification. In point four, he argues in the alternative, that trial counsel was ineffective for not objecting on grounds of hearsay. These points fail for the following reasons. First, the testimony involving conduct of Mike was available to explain the conduct of the victims and the police. It was therefore admissible to explain subsequent conduct of the witnesses who heard the statement and not inadmissible hearsay. *State v. Barnett*, 980 S.W.2d 297, 306 (Mo. banc 1998). Second, hearsay evidence admitted without objection is not a matter of plain error. *State v. Evans*, 895 S.W.2d 637, 638 (Mo.App. E.D. 1995). Point three denied.

In point four, Defendant argues that trial counsel was ineffective for failing to object to Mike's statements to H.B. The trial court found that Mike did not identify Defendant "but merely said where he thought he had seen a person matching the description." Trial counsel testified at the hearing and told the court that the references to Mike's statements were not objected to because counsel hoped to use the references to Mike's statements to discredit the identification testimony of the victims. She intended to refer to

> [t]his invisible man Mike [who] had led them to Leon, and so since Mike didn't bother to come in, well, that's how trustworthy he is, and that it wasn't really the victim[s] who knew he had done it at all. It was this Mike guy saying that Leon did it and Mike was wrong.

Specifically, counsel testified that no objection was made as a conscious decision. Trial strategy is not a ground for claiming ineffective assistance of counsel. *State v. Clay*, 975 S.W.2d at 142. For the above reasons, point four is denied.

In his last point, Defendant argues that the motion court erred in denying postconviction relief because trial counsel was ineffective in not calling Officer Joyner. Officer Joyner prepared the original police report. Defendant contends that Officer Joyner would have assisted in impeaching the testimony of H.B. because his police report said the height of the robber was six feet three but Defendant was found to be five feet eleven.

For a number of reasons this point is without merit. First, the other physical characteristics described by the victims and placed in Officer Joyner's police report were remarkably accurate when compared with Defendant. The discrepancy on only one of the characteristics, height, was not decisive. H.B. testified that the police report description of height did not accurately report what she told Officer Joyner. Defendant must overcome the strong presumption that counsel was competent, and demonstrate prejudice. *Bundy v. State*, 965 S.W.2d 402, 404 (Mo.App. S.D.1998); *State v. Kinder*, 942 S.W.2d at 335. The limited inaccuracy as to one trait is insufficient to support a finding that counsel was ineffective or that Defendant was prejudiced by not calling Officer Joyner.

Second, trial counsel testified and explained that the failure to call Officer Joyner was intentional. She testified that

> the reason I didn't do that is because most times in that type of situation you call a police officer to try to impeach someone on something in the report. The police officer makes up a lot of excuses why they didn't get it right and they can explain away the difference instead of allowing you to argue the actual difference in closing argument and I was afraid it would take away from the power of the punch.

Trial strategy is not a ground for claiming ineffective assistance. *State v. Clay*, 975 S.W.2d at 142. Point five denied.

We affirm.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.